**Gary MILLER Plaintiff**

v.

**PPG INDUSTRIES, INC. Defendant**

**No. CIV.A.3:02CV–534–H.**

United States District Court,
W.D. Kentucky
at Louisville.

Aug. 22, 2003.

Richard S. Cleary, Greenebaum Doll & McDonald, Louisville, KY, for PPG Industries.

Donald L. Cox, John D. Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for Gary Miller.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

This matter is before the Court on Plaintiff's Renewed Motion to Remand. The Court has carefully considered the arguments and evidence. For the reasons discussed below, the Court will grant Plaintiff's Renewed Motion and remand this action to state court for lack of subject matter jurisdiction.

## I.

Plaintiff initially filed this action in Kentucky state court against his employer PPG alleging that after he became disabled and could no longer work PPG failed to make certain contractual payments. PPG removed to federal court on the basis of ERISA preemption. Plaintiff moved to remand. After considering the factual and legal issues, the Court concluded that ERISA pre-empted Plaintiff's breach of contract claim alleging that PPG wrongfully withheld Plaintiff's vacation benefits.[1] See Miller v. PPG Indus., Inc., 237 F.Supp.2d 756 (W.D.Ky.2002). Because at least one of Plaintiff's claims raised a federal question governed by ERISA, the Court concluded that it had subject matter jurisdiction over the action and denied Plaintiff's motion to remand in toto. See id.

For the second time Plaintiff seeks remand to state court. Plaintiff does not challenge the Court's prior determinations of law regarding the general applicability of ERISA to vacation benefit plans. Rather, Plaintiff argues only that the evidence the Court relied upon in reaching its prior conclusion, primarily the affidavit of Kerry Rowles, is now refuted by Rowles's subsequent deposition testimony.[2]

## II.

### A.

To place the present motion in the proper context, the Court will briefly reiterate the pertinent law regarding ERISA and vacation benefit plans. ERISA regulates "employee welfare benefit plans" which include plans that provide employees medical, sickness and vacation benefits. See 29 U.S.C. § 1002(1). ERISA itself does not further define "employee benefit plan" or "vacation benefits" and does not specify whether every vacation benefit plan falls within ERISA's scope. However, the Secretary of Labor has promulgated a regulation that excludes certain "payroll practices" from the application of ERISA. That regulation provides in part that an "employee welfare benefit plan" shall not include:

> (3) Payment of compensation, out of the employer's general assets, on account of periods of time during which the employee, although physically and mentally able to perform his or her duties and not absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment) performs no duties; for example—
>
> (i) Payment of compensation while an employee is on vacation or absent on a holiday, including payment of premiums to induce employees to take vacations at a time favorable to the employer for business reasons.

29 C.F.R. § 2510.3–1(b)(3).

■■■ This regulation excludes vacation benefits from ERISA where the employer pays the benefits out of its general assets. Such a result accords with Congress's intent because "ordinary vacation payments are typically fixed, due at known times, and do not depend on contingencies out-

---

1. The Court also held that ERISA did not preempt either the "insurance payments" exception to municipal occupational license tax or Plaintiff's state law breach of contract claim seeking stock options that he was allegedly owed. See id. However the Court determined that the non preempted state law claims grew out of the "same nucleus of oper-

ative facts" as Plaintiff's preempted contract claim for vacation benefits and, therefore, the Court could exercise supplemental jurisdiction over the non preempted claims. See id.

2. Kerry Rowles was previously employed by PPG and served as the Director of Benefits, Payroll, and HRIS.

side the employee's control, they present none of the risks that ERISA is intended to address.." *Massachusetts v. Morash*, 490 U.S. 107, 114, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989). However, the result is different if the benefits are paid directly from a fund established by the employer or a group of employers.[3] "Employees who are beneficiaries of such a trust face far different risks and have a far greater need for the reporting and disclosure requirements that the federal law [ERISA] imposes than those whose vacation benefits come from the same fund from which they receive their paychecks." *Id.* at 120, 109 S.Ct. 1668. Accordingly, as this Court previously stated, ERISA preemption here necessarily depends on the source of the funds underlying Plaintiff's vacation benefits.

**B.**

In support of its opposition to Plaintiff's initial motion to remand PPG relied heavily on the Rowles affidavit. In that affidavit Rowles explained that PPG comprised several separate strategic business units and that each business unit was charged a certain burden rate of the annual base salary for each salaried employee to cover the cost of that employee's benefits including vacation benefits. Based on PPG's arguments and the affidavit, the Court assumed that each strategic business unit contributed a certain amount of money to a specific fund and that the fund then paid the employee vacation benefits. However, this now seems not to be the case at least as to payment of vacation benefits.

Specifically, Rowles's deposition testimony refutes PPG's argument that a

"separate vacation fund" existed. Rowles testified that PPG paid vacation benefits directly from its general assets and that PPG never established a separate vacation fund:

Q: Okay. Let me ask you a couple of other questions here. Oh, these funds—the vacation liability, are there any assets transferred to any account to offset that liability? Are there any funds transferred to any accounts to offset that liability at the beginning of the year for example?

A: If I understand your question, no.

Q: Are there any—so a fund is not created—PPG doesn't transfer money into a separate fund to hold to pay vacation benefits does it?

A: That's correct.

Q: And the liability for the payment of vacation benefits, this is kept—this is on the liability side of the balance sheet, not the asset side?

A: That's my understanding.

Q: And there is no trust fund or anything like that established to hold any monies with respect to these vacation benefits?

A: That's correct, unlike the pension plan or the 401(k) plan where we do have trusts.

(Rowles Dep. at 17:4–23.)

This testimony clarifies that PPG treated and administered its vacation benefit plan differently than its other benefit plans (*e.g.*, health care plan, pension plan, life insurance plan). Rowles's deposition testimony reveals and PPG now concedes that

---

**3.** As the Supreme Court explained: "A multiemployer fund created to provide vacation benefits for union members who typically work for several employers during the course of a year ... undoubtably falls within the scope of the Act. In addition, the creation of a separate fund to pay employees vacation benefits would subject a single employer to the regulatory provisions of ERISA." *Morash*, 490 U.S. at 114, 109 S.Ct. 1668 (internal citations omitted).

vacation pay was actually paid directly out of PPG's general assets and that PPG never established a separate vacation benefits fund.

Nevertheless, PPG argues that its vacation benefit plan should be treated as an ERISA benefit plan because the vacation plan is one component of PPG's "Employee Welfare Plan Salaried Employees, PN547" ("the PN547"). The PN547 is basically a summary of the various benefit plans offered by PPG and is provided to employees. It explains to PPG employees the various benefits provided by their employer such as medical benefits, life insurance, dental insurance, long-term disability insurance and vacation benefits. PPG argues that because the insurance driven portions of the PN547 are independently funded all employee benefits provided to salaried employees as part of the PN 547

should be governed by ERISA, including vacation benefits.

■ The Court does not agree with this argument. PPG can not convert its vacation benefit plan into an ERISA plan simply by coupling the vacation plan with other benefit plans which are covered by ERISA. If so, the payroll exception would be meaningless. An employer need only include an otherwise exempt plan, like a unfunded vacation benefit plan, in a general benefits package which includes at least one ERISA-covered plan such as group health insurance to invoke ERISA preemption. Such a rule would ignore Congress's stated purpose for ERISA and the distinctions drawn by the Supreme Court and the Secretary of Labor.[4] *See Alaska Airlines, Inc. v. Oregon Bureau of Labor,* 122 F.3d 812 (9th Cir.1997). PPG cannot manufacture ERISA preemption so easily.[5]

4. The Supreme Court explained:
   A contrary interpretation, including routine vacation pay policies within ERISA, would have profound consequences. Most employers in the United States provide some type of vacation benefit to their employees ... [S]uch an interpretation would also displace the extensive state regulation of the vesting, funding, and participating rights of vacation benefits; because ERISA's vesting and funding requirements do not apply to welfare benefit plans, ERISA §§ 201(1), 301(a), as amended 29 U.S.C. §§ 1051(1), 1081(a), employees would actually receive less protection if ERISA were applied to ordinary vacation wages paid from the employer's general assets. The States have traditionally regulated the payment of wages, including vacation pay. Absent any indication that Congress intended such far-reaching consequences, we are reluctant to so significantly interfere with the "the separate spheres of governmental authority preserved in our federalist system."
   *Morash,* 490 U.S. at 118, 109 S.Ct. 1668. Thus, in this situation allowing an employer to create ERISA preemption over vacation benefits would actually work to the employee's detriment.

5. PPG relied almost exclusively on *McMahon v. Digital Equip. Corp.,* 162 F.3d 28 (1st Cir. 1998), to support its position that its vacation benefit plan is covered by ERISA. *McMahon* is distinguishable. The issue in *McMahon* was whether the employer's short term disability plan which included three components was entirely preempted by ERISA where only a portion of the short term disability benefits were separately funded; the majority of the benefits were paid directly out the employer's general assets. The Court held that because some portion of the short term disability plan was partly funded by insurance and secured by a fidelity bond the entire short term disability plan was preempted by ERISA. Here, the issue is quite different. PPG admits that its *entire* vacation benefit plan was paid directly out of PPG's general assets in the same manner PPG paid salary benefits. No portion of PPG's vacation benefit plan was independently funded. The fact that other distinct types of benefits were independently funded does not change the result. As the Court explained, PPG should not be allowed to defeat the payroll exception by merely grouping distinct benefit plans into a generic benefits package.

■ Furthermore, that PPG may have described the entire PN547 plan to its employees as an ERISA-governed plan is not necessarily determinative. Although an employer's characterization of its plan may be a factor in determining ERISA coverage, it is not dispositive. *See Stern v. International Business Machines Corp. (IBM)*, 326 F.3d 1367, 1374 (11th Cir. 2003). Where an employer pays an employee's normal vacation benefits entirely from its general assets, the program constitutes an exempted payroll practice. This point of law is well-settled. *See Morash*, 490 U.S. at 114, 109 S.Ct. 1668. An employer cannot change this result by labeling an otherwise exempted plan as an ERISA plan, especially in the case of vacation benefits where ERISA would provide employees fewer benefits than most state laws. *See id.* at 118, 109 S.Ct. 1668. This Court agrees with the Eleventh Circuit's recent observation that "[a]llowing this could lead to a form of regulation shopping." *See Stern* 326 F.3d at 1374.[6]

■ For all these reasons, the Court must conclude now that PPG's vacation benefit program constitutes an exempted payroll practice and not an ERISA plan. As such, Plaintiff's breach of contract claim alleging that PPG wrongfully withheld Plaintiff's vacation benefits is not preempted by ERISA and does not raise any federal question. A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. *See* 28 U.S.C. § 1441.

Plaintiff's complaint does not raise any federal questions and removal to federal court was improper. This action must be remanded to state court for lack of subject matter jurisdiction.

The Court will enter an order consistent with this Memorandum Opinion.

### ORDER

The Court has considered Plaintiff's Renewed Motion to Remand. For the reasons stated in the accompanying Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Renewed Motion to Remand is GRANTED;

IT IS FURTHER ORDERED that this action be REMANDED to state court for lack of subject matter jurisdiction.

---

**6.** Furthermore, certain evidence suggests that PPG did not even consistently treat its vacation benefit plan as an ERISA plan. PPG provided its financial department employees with a controller's manual policy. The stated purpose of the manual was to "describe the accounting policy and procedures for the recognition, recording and liquidation of employee benefit liabilities." The manual contains a list of plans that PPG maintained which according to Rowles were "qualified government plans." The vacation benefit plan was not listed as a "specified plan." The "specified plans" listed in the manual were: pensions, health plans, life insurance, employee saving plans, employee benefit accounts and unemployment compensation insurance.